## In re DE MOISE.
### No. 65418.

United States District Court
N. D. Ohio, E. D.
Jan. 18, 1949.

Milton M. Lang, Cleveland, Ohio, for bankrupt.

Hugh Wells and Morris R. Blane, Cleveland, Ohio, for trustee.

Karl J. Ertle, Cleveland, Ohio, for Metropolitan Finance Corp.

JONES, Chief Judge.

This proceeding is on review of an order of the Referee holding that the Metropolitan Finance Company has a good and valid first lien against the fund, now in the Trustee's custody, realized from the sale of assets purportedly covered by Metropolitan's mortgage.

On March 18, 1948, the National Business Investment Company had DeMoise (bankrupt) execute a negotiable promissory note, payable to the order of National, in the sum of $5220.00. A chattel mortgage for $5220.00 on certain store fixtures was also executed by DeMoise with National as mortgagee. On the same date, Metropolitan transmitted its check for $4500. to National, together with a letter of instructions by Metropolitan stating that National was to act as escrow agent in the transaction and was to use the $4500.00 after the mortgage had been recorded as a first lien on the fixtures. National immediately endorsed and assigned the note and mortgage to Metropolitan. The $4500.-00 was used to pay certain debts of De-Moise and an escrow fee of $50.00. De-Moise received about $500.00 in cash.

Among other things, the Referee found "that the contract was in excess of the legal rates of interest and therefore usurious; that Metropolitan was not a holder in due course for value since it had full knowledge of all of the facts including knowledge that National was requiring and taking a note from bankrupt for $5220.00 for a loan of $4500.00."

The Trustee has taken exception to other findings of the Referee that the affidavit of Edward Hakal upon the mortgage as agent of National is sufficient in law and that Hakal can hardly be said to have failed to act in good faith in making the affidavit.

The Referee's findings and conclusions generally would seem to be supported by the facts and the law except as to the items of good faith in the execution of the affidavit and the validity of the chattel mortgage. A review of the facts and circumstances surrounding the transaction out of which this controversy grew, narrows the ultimate issues to a consideration of the equitable as well as the legal consequences of the acts of the parties primarily concerned in sustaining the Referee's order. The note for $5220.00, given to the National Business Investment Company, and endorsed by it to Metropolitan Finance Company carried with it usurious interest on the loan of $4500.00 arranged by National and made by Metropolitan. The chattel mortgage to secure the note also was taken

by National as mortgagee and assigned to Metropolitan.

National claimed that it acted only as solicitor or agent for Metropolitan in arranging for the loan. If this be so, then the affidavit was false and the entire transaction by which the loan carrying usurious interest was carried out, definitely may be characterized as bad faith and fraud to which certainly both Metropolitan and National were parties.

The bankrupt mortgagor testified that he did not know Metropolitan as lender until he received a paper showing disbursement of the $4500.00 or the Metropolitan's book calling for payment of $217.00 per month. He received his check for the balance after disbursement from National at its office. Metropolitan was licensed under the Small Loans Act, Gen.Code Ohio § 8624-50 et seq., and made no direct loans of more than $1000.00 according to the testimony of Quigley, its office manager, although it purchased or discounted paper for larger sums, as in the present case.

Those highly illuminating circumstances give much light to the method used to get more than the traffic lawfully should bear.

The amount nominated in the affidavit by National as the claim due it as mortgagee was neither just nor valid, and this National and Metropolitan knew. In such circumstances the equity powers of the bankruptcy court may be brought into play to prevent what, save for appealing equitable circumstances, otherwise might be found to have no insurmountable legal obstacles. Under the evidence as revealed by the transcript, National did not make the loan; was not the real mortgagee; and had no valid claim for any sum against the mortgagor (bankrupt). The affidavit was untrue and must have been executed in bad faith and as part of a scheme to conceal or escape the consequences of usury. It seems clear that the affidavit was executed by Hakal as agent for National; and while it may be true that if other circumstances truthfully were reflected therein no finding of deception would be warranted, yet reviewing the record one cannot escape the conclusion that a mortgage so supported cannot be sustained upon clear legal grounds and certainly not where compelling equitable considerations are invoked for the protection and benefit of creditors.

Accordingly, the petition for review will be sustained and in the respects complained of the order of the Referee will be reversed.